JUDGE WOOD
MAGISTRATE JUDGE FINNEGAN
JB 23CR542
FILED
10/11/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Oct 11, 2023

| UNITED STATES OF AMERICA | No. |
|---|---|
| v. | Violations: Title 18, United States Code, Sections 1341 and 1343 |
| ADEL BALAKHANPOUR | |

The SPECIAL OCTOBER 2022 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant ADEL BALAKHANPOUR was a resident of Chicago, Illinois.

    b. Victim A was a resident of Chicago, Illinois, the retired owner of a taxi business, and a long-time associate of ADEL BALAKHANPOUR. In approximately May 2021, Victim A became physically disabled and moved into a nursing care facility in Park Ridge, Illinois.

    c. In May 2021, Victim A asked BALAKHANPOUR to assume Power of Attorney (POA) over Victim A's financial accounts in order to pay Victim A's personal medical and living expenses. A POA is a document that gives a designated person, known as an agent, the legal power to act on behalf of another person, known as a principal, often including the authority to make decisions about the principal's property, finances, investments, and health care. The agent has a fiduciary duty to act in the best interests of the principal.

d. Between May 20 and July 23, 2021, BALAKHANPOUR and Victim A signed POAs that BALAKHANPOUR used to add himself to Victim A's bank accounts as an authorized signatory. The POAs did not authorize BALAKHANPOUR to use any of Victim A's money for BALAKHANPOUR's personal purposes and Victim A did not intend to give any of his money to BALAKHANPOUR.

e. In June 2021, Victim A had an annuity account at Life Insurance Company A in Amarillo, Texas worth approximately $156,171.27.

f. On or about June 29, 2021, Victim A and BALAKHANPOUR signed a POA titled "ILLINOIS DURABLE POWER OF ATTORNEY FOR PROPERTY" that named Victim A as principal and BALAKHANPOUR as agent. The POA gave BALAKHANPOUR broad power to engage in business transactions on Victim A's behalf, including conducting any business with any banking or financial institution. The POA further provided that BALAKHANPOUR could not assign or designate any of Victim A's assets, interest, or rights, directly or indirectly, to himself or his creditors; exercise any powers of appointment in favor of himself or his creditors; or use any of Victim A's assets to discharge any of BALAKHANPOUR's legal obligations.

2. Between approximately May 20 and November 1, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Victim A by means of

2

materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that BALAKHANPOUR told Victim A that he would manage Victim A's funds for Victim A's benefit, including to pay Victim A's health and living expenses, when BALAKHANPOUR did not intend to manage the funds for Victim A's behalf, and instead intended to and did use the funds for his own personal use.

4. It was further part of the scheme that BALAKHANPOUR established bank accounts for himself into which he intended to and did transfer Victim A's funds so that BALAKHANPOUR could use the funds for his own use, rather than for Victim A's benefit.

5. It was further part of the scheme that BALAKHANPOUR misappropriated Victim A's funds by transferring those funds to BALAKHANPOUR'S own accounts, making cash withdrawals from Victims A's accounts, making debit card purchases from Victim A's accounts, and writing checks to himself from Victim A's accounts, all without Victims A's knowledge and consent.

6. It was further part of the scheme that BALAKHANPOUR transmitted the Power of Attorney documents to a life insurance company through which Victim A had an annuity contract, and then withdrew the full amount of the annuity contract and used the proceeds of that annuity contract for his own personal use.

7. It was further part of the scheme that BALAKHANPOUR misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and

3

hidden, the existence of the scheme, the purpose of the scheme, and acts done in furtherance of the scheme.

8. As a result of the scheme, BALAKHANPOUR fraudulently misappropriated at least approximately $169,452.

9. On or about July 1, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, a fax from Chicago, Illinois, to Life Insurance Company A in Amarillo, Texas, inquiring about Victim A's annuity policy, including an "ILLINOIS DURABLE POWER OF ATTORNEY FOR PROPERTY" POA appointing BALAKHANPOUR as Victim A's agent and an affidavit affirming the authenticity of the POA;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1-8 of Count One are incorporated here.

2. On or about July 9, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a cashier's check payable to "[Victim A] C/O BALAKHANPOUR" in the amount of $156,171.27, mailed by Life Insurance Company A in Amarillo, Texas, to ADEL BALAKHANPOUR at P.O. Box 10436, Chicago, Illinois 60610.

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1-8 of Count One are incorporated here.

2. On or about July 12, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate wire transfer originating from a $500 withdrawal from an ATM terminal in Chicago, Illinois, owned and operated by Financial Institution A, that was electronically processed outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1-8 of Count One are incorporated here.

2. On or about July 23, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate wire transfer originating from a $500 withdrawal from an ATM terminal in Chicago, Illinois, owned and operated by Financial Institution A, that was electronically processed outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1-8 of Count One are incorporated here.

2. On or about August 5, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEL BALAKHANPOUR,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate wire transfer originating from a $500 withdrawal from an ATM terminal in Chicago, Illinois, owned and operated by Financial Institution A, that was electronically processed outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

_____
FOREPERSON

_____
Signed by Jason Yonan on behalf of the
ACTING UNITED STATES ATTORNEY