IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADEL BALAKHANPOUR | No. 23 CR 542<br><br>Judge Andrea R. Wood |

## QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. This Order shall govern the production of "protected health information" pertaining to Alex Farzam (hereinafter, "AF") pursuant to the subpoena issued to Dr. Yuri Shvartsman on August 4, 2025 in connection with the above-captioned matter.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to AF directly to the District Judge presiding over this matter so that the District Judge may conduct an in camera review to determine the relevance of the materials to the pending matter prior to any disclosure to the parties or their counsel. The records shall be produced to Laritza Arcos, Courtroom Deputy Clerk for Judge Andrea R. Wood. Ms. Arcos may be reached at (312) 435-8874 or Laritza_Arcos@ilnd.uscourts.gov.

4. Upon a determination by the Court that the protected health information of AF shall be produced to the parties and their attorneys, the parties and their attorneys shall be permitted to use or disclose the protected health information of AF for purposes of prosecuting or defending this action including any appeals of this case.

5. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return AF's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to AF, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

6. This Order does not control or limit the use of protected health information pertaining to AF that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

7. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file AF's protected health information under seal.

E N T E R:

_____
Andrea R. Wood
United States District Judge

Dated: August 25, 2025